UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SIRIACO PIOQUINTO ALONSO,
Petitioner,
v.
CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center,
Respondent.

Case No.: 26-CV-3484 JLS (BJW)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Siriaco Pioquinto Alonso's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondent's Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 5). Petitioner did not file a traverse. *See generally* Docket. For the reasons set forth below, the Court **DENIES** the Petition.

**BACKGROUND**

Petitioner has been living in the United States since 1993. Pet. at 7. He alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since October 14, 2025. *Id*. at 8. On April 6, 2026, DHS instituted removal proceedings against Petitioner

in which the Immigration Judge ("IJ") ordered him removed to Mexico. *Id.*, Ex. B. That order is currently on appeal to the Board of Immigration Appeals ("BIA"). Ret. at 1.

Petitioner filed a previous habeas petition asking this Court to issue an order providing him a bond hearing. *See Pioquinto Alonso v. Warden*, No. 26-CV-1599 JLS (BJW) (S.D. Cal). This Court granted that petition (*id*. at ECF No. 10), and the IJ held a bond hearing on April 14, 2026, ECF No. 8-1 at 1 ("Transcript"). The IJ denied Petitioner's bond, finding that he posed a danger to the community based on two DUI convictions in 2011 and 2024, respectively, and a DUI arrest in late 2025. *Id*. at 6. The IJ explained that the recent DUI arrest is what "tipped the scale" in favor of denying bond. *Id*.

Petitioner then brought the instant petition. *See generally* Pet. In it, he alleges that his bond hearing was inadequate and that he has been in detention for an unreasonable length of time. *Id*. at 7.

## DISCUSSION

Petitioner argues that the IJ failed to comply with the Court's Order by holding an inadequate bond hearing. Pet. at 7. Respondent argues that Petitioner's Petition should be denied because he "fails to plead sufficient information for the Court to adjudicate his claim." Ret. at 3. Although the Court disagrees with Respondent that the Petition is insufficient, the Court finds that the Petition should be denied for failure to exhaust administrative remedies.

### I. Exhaustion

"Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and

reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

"A noncitizen facing immigration proceedings is required to exhaust his administrative remedies by appealing to the BIA before seeking habeas review of an Immigration Judge's adverse bond determination." *Sharma v. Archambrault*, 26-CV-513 BAS (SBC), 2026 WL 381611, at *1 (S.D. Cal. Feb. 11, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted [their] remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court finds that the proper avenue for Petitioner's grievance with his bond denial is to appeal to the BIA. Petitioner has the burden to demonstrate that waiver of the prudential exhaustion requirement is appropriate through at least one of the *Laing* factors. *See Ortiz v. LaRose*, No. 26-CV-4127-GPC (MMP), 2026 WL 2392381, at *5 (S.D. Cal. Aug. 17, 2026) (citing *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018)). Here, Petitioner has failed to "present[] evidence unique to him . . . [that] supports a finding that his continued detention pending . . . BIA appeal of the IJ's bond denial decision would risk continued irreparable harm." *W.T.M. v. Bondi*, No. 25-CV-2428-RAJ-BAT, 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026); *cf. Singh v. LaRose*, No. 26-CV-1425 JLS (GC), 2026 WL 1387428, at *4 (S.D. Cal. May 18, 2026) (waiving the

exhaustion requirement where the petitioner demonstrated irreparable harm unique to him and not inherent in the delay for BIA appeals). The Court also finds that a waiver of exhaustion under these facts would encourage others to bypass the BIA and directly appeal from the IJ to the district court. *See Aden v. Nielsen*, No. C18-1441 RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("[R]elaxation of the exhaustion requirement would likely encourage other detainees to bypass the BIA and directly appeal their no-bond determinations from the IJ to federal district court.").

The Court follows other courts in this District and declines to waive the exhaustion requirement. Because Petitioner has failed to exhaust his administrative remedies, the present challenge is improper. *See Ortiz*, 2026 WL 2392381, at *5 (declining to waive exhaustion because the petitioner did not "demonstrate[] that the court should waive exhaustion based on the *Laing* factors"); *Gomes v. LaRose*, No. 26-CV-03160 RBM (DDL), 2026 WL 1990774, at *3 (S.D. Cal. July 9, 2025) (declining to waive exhaustion on the same grounds).

**II. Due Process Challenge**

Even if the Court were to waive exhaustion, the Court is not persuaded that the IJ failed to provide Petitioner with an adequate bond hearing. Courts review an IJ's finding of danger to the community for an abuse of discretion. *Osaretin v. LaRose*, No. 26-CV-1508 JES (AHG), 2026 WL 2033135, at *1 (S.D. Cal. July 14, 2025). "'[A]buse of discretion' review does not involve 'reweigh[ing] evidence' but rather determining whether the IJ 'applied the correct legal standard.'" *Loba L.M. v. Andrews*, No. 25-CV-611-JLT (SAB), 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (quoting *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024)). "Thus, 'the Court must decide whether the IJ relied upon proof that—as a matter of law—could not establish' the conclusion drawn." *Perez Velasquez v. Bondi*, No. 26-CV-1759 GPC (DDL), 2026 WL 1042479, at *5 (S.D. Cal. Apr. 16, 2026) (quoting *Kharis v. Sessions*, No. 18-CV-4800 JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018)) (cleaned up). The IJ may consider the following factors in making discretionary bond determinations:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of other offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (first citing *Matter of Saelee*, 22 I&N Dec. 1258 (BIA 2000); then citing *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994); and then citing *Matter of Andrade*, 19 I&N Dec. 488 (BIA 1987)). The IJ has "broad discretion" in weighing these factors, "as long as the decision is reasonable." *Id.* "Though what constitutes dangerousness is malleable and involves agency discretion," it is "still a legal standard so long as federal courts can assess whether an IJ correctly applied the statutory standard to a given set of facts." *Martinez*, 124 F.4th at 783 (cleaned up).

Here, the Court finds that the IJ did just that. The IJ walked through Petitioner's history of alcohol use, particularly his two DUI convictions and a subsequent DUI arrest just last year. Transcript at 6. The IJ then concluded that Petitioner posed a danger to the community, explaining that the recency of the third incident is what moved the needle. *Id.* The IJ noted that, despite attending numerous Alcoholics Anonymous meetings, Petitioner "went out and drove under the influence again." *Id.* The IJ thus provided a "concrete and specific reason[] for why he reached his decision." *Osaretin*, 2026 WL 2033135, at *3 (denying challenge to an IJ's determination that the petitioner was a danger to the community). And, on habeas review, this Court cannot "'second-guess[] the immigration judge's weighing of the evidence' or consider sufficiency of the evidence." *Id.* (quoting *Loba L.M.*, 2026 WL 710307, at *8).

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) **WITHOUT PREJUDICE**. As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge